JOHNSON *v.* JOHNSON.

1. INTOXICATING LIQUORS—CIVIL-DAMAGE LAW—RIGHT OF ACTION.
   The daughter of one who dies from the effects of intoxication has no action under section 5398, 2 Comp. Laws, against a saloon keeper who furnished liquors to the decedent which in no wise contributed to the intoxication which caused his death, nor to any damage sustained by the daughter.

2. DAMAGES — EXEMPLARY DAMAGES —INSTRUCTIONS — HARMLESS ERROR.
   Plaintiff is not prejudiced by errors in the charge on the subject of exemplary damages, where the jury, under proper instructions as to the subject-matter of the action, find a verdict for the defendant.

Error to Luce; Streeter, J. Submitted June 6, 1906. (Docket No. 28.) Decided September 20, 1906.

Case by Mary Johnson, by next friend, against Edward Johnson, a saloon keeper, and his bondsmen, under the civil-damage act. There was judgment for defendants, and plaintiff brings error. Affirmed.

*James J. Brown*, for appellant.

*Louis H. Fead* (*Henry Hoffman*, of counsel), for appellees,

CARPENTER, C. J. Plaintiff brings this suit to obtain compensation for the death of her father, Charles Johnson, which she alleges resulted in part from liquor furnished him by defendant Edward Johnson. Olaf Johnson and Matt Surrell are joined as defendants because they are sureties on the bond given by said Edward. The cause was tried before Circuit Judge Steere and a jury. The testimony showed that on the 7th of April, 1904, said Charles Johnson, who had been on a protract-

ed drunken spree at St. Ignace, visited Newberry, at which place all the parties to this suit reside. There he became a guest at the hotel kept by said Edward Johnson, and remained such until his death—occasioned by the excessive use of liquor—April 17, 1904. During this time he had from the employés at the hotel one drink of whisky at the bar (this was on the 8th of April), and three drinks of hot whisky each day from April 14th until he died. This hot whisky was furnished at the direction of the physician attending him during his last illness. There was evidence tending to prove that the liquor furnished by said Edward Johnson did not contribute to the intoxication which caused the death, nor to any damage sustained by plaintiff. The issue was submitted to a jury who rendered a verdict for the defendants.

Nearly all the grounds upon which plaintiff asks us to reverse the judgment entered on said verdict are based upon the assumption that defendants are liable, though the liquor furnished by said Edward Johnson did not contribute to plaintiff's damage. This assumption is unfounded. The law (section 5398, 2 Comp. Laws) gives plaintiff a " right of action " when and only when she has been "injured in person or property or means of support, or otherwise."

Plaintiff also complains because the trial court did not give her requests touching the question of exemplary damages. It is a sufficient answer to this complaint to say that plaintiff was not prejudiced by this refusal. The jury, having found under proper instructions that plaintiff was entitled to no damages, could have had no occasion to consider the question of exemplary damages. No other complaint demands discussion.

The judgment is affirmed.

McALVAY, GRANT, HOOKER, and MOORE, JJ., concurred.